IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CELESTE FLETCHER-BROZOVICH, | ) | |
| | ) | No. 11-cv-6630 |
| Plaintiff, | ) | Judge Gary Feinerman |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Sidney I. Schenkier |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendant Allstate Insurance Company ("Allstate"), by its undersigned attorneys, respectfully moves this Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for partial judgment on the pleadings. In support of its motion, Allstate submits a Memorandum of Law filed concurrently herewith and incorporated herein by reference, and states the following:

1. Plaintiff Celeste Fletcher-Brozovich ("Plaintiff") failed to timely file a charge with the Equal Employment Opportunity Commission ("EEOC") asserting retaliation as a basis or mentioning the separation of her employment from Allstate as a purportedly discriminatory decision. It is well settled that before bringing suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC, or comparable cooperating state agency, within 300 days of the conduct complained of. *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 921–22 (7th Cir. 2007). Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII. *Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). Thus, Plaintiff is precluded from pursuing claims of discrimination based on her termination or retaliation.

2. Plaintiff will argue that her termination and retaliation claims are not barred because she was a proposed class member in a prior putative class action lawsuit filed against Defendant Allstate Insurance Company ("Allstate"), styled *Katherine Puffer v. Allstate Insurance Co.,* Case No. 04 –cv – 5764 (the "*Puffer* litigation"). But this argument is fatally flawed because while the *Puffer* Litigation asserted certain sex discrimination theories on behalf of a proposed class, of which Plaintiff was a putative member, that lawsuit involved class claims alleging only pay and promotion discrimination. In fact, on the face of the *Puffer* Complaint, Puffer made clear that she did not seek to assert termination or retaliation claims on a class-wide basis.

3. Put simply, Plaintiff cannot reasonably argue that the *Puffer* litigation equitably tolls the 300 day time period for Plaintiff to file her termination/retaliation claim as it was made clear from the outset that Puffer was **not** asserting a termination/retaliation claim on behalf of anyone but herself. Thus Plaintiff could not reasonably rely on the Puffer litigation to resolve her termination/retaliation claims. Accordingly, that litigation did not toll Plaintiff's obligation under Title VII of the Civil Rights Act to file a timely charge of job termination/retaliation discrimination.

4. Even if the *Puffer* litigation did toll Plaintiff's time to file a charge of discrimination with the EEOC, her claims are time-barred anyway because the charge she filed did not mention the separation of her employment with Allstate, nor did it even hint at allegations of retaliation.

5. Furthermore, as explained more fully in Allstate's Memorandum in Support filed concurrently herewith and incorporated by reference, Plaintiff's inability to challenge her

termination of employment bars her from seeking damages relating to her failure to promote claim past the date her employment with Allstate ended.

WHEREFORE, Allstate Insurance Company respectfully requests this Court enter an Order that Allstate is entitled to judgment on the pleadings that Plaintiff is precluded from pursuing claims of discrimination or retaliation based on her termination, and that she is barred from seeking damages relating to her failure to promote claim past the date her employment with Allstate ended.

Dated: August 1, 2013

Respectfully submitted,

MECKLER BULGER TILSON MARICK & PEARSON LLP

/s/ Jenny R. Goltz
Paul R. Garry
Peter Petrakis
Jenny Goltz
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
paul.garry@mbtlaw.com
peter.petrakis@mbtlaw.com
jenny.goltz@mbtlaw.com
*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on **August 1, 2013,** a copy of the foregoing **Defendant's Motion for Partial Judgment on the Pleadings** was filed electronically with the Clerk of the Court using the CM/ECF system. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

| | |
|---|---|
| Linda D. Friedman | Thomas R. Meites |
| Suzanne E. Bish | Meites Mulder |
| Shona B. Glink | 321 S. Plymouth Court, Suite 1250 |
| Jennifer Schoen Gilbert | Chicago, IL 60604 |
| Stowell & Friedman. Ltd. | tmeites@mmmglaw.com |
| 303 W. Madison Street, Suite 2600 | |
| Chicago, Illinois 60606 | |
| lfriedman@sfltd.com | |
| sbish@sfltd.com | |
| sglink@sfltd.com | |

*/s/Jenny R. Goltz*
Jenny R. Goltz